1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JOSEPH D. LYLES,                    Case No. CV 16-5401 DOC (SS)

12                  Petitioner,
                                         **MEMORANDUM DECISION AND**
13        v.
                                         **ORDER DISMISSING PETITION**
14   LOS ANGELES COUNTY COURTS,          **WITH LEAVE TO AMEND**
     COMPTON,
15
                  Respondent.
16

17

18                                 **I.**

19                            **INTRODUCTION**

20

21       On July 20, 2016, Joseph D. Lyles ("Petitioner"), a California

22   resident proceeding pro se, filed a habeas petition pursuant to 28

23   U.S.C. § 2254.  ("Petition," Dkt. No. 1).  For the reasons discussed

24   below, the Petition must be dismissed with leave to amend.[1]

25   ─────────────────────
     [1] "The filing of an application for a writ of habeas corpus is
26   analogous to the filing of a civil complaint . . . ."  Williams v.
     Coyle, 167 F.3d 1036, 1038 (6th Cir. 1999); see also Woodford v.
27   Garceau, 538 U.S. 202, 208 (2003) ("[A] habeas suit begins with
     the filing of an application for habeas corpus relief -- the
28   equivalent of a complaint in an ordinary civil case.").  A

1  The Court has the authority to dismiss habeas actions *sua*
2  *sponte* under the Rules Governing § 2254 Cases in the United States
3  District Courts.  *See* 28 U.S.C. foll. § 2254, Rule 4 ("If it plainly
4  appears from the petition and any attached exhibits that the
5  petitioner is not entitled to relief in the district court, the
6  judge must dismiss the petition and direct the clerk to notify the
7  petitioner."); *see also* Pagtalunan v. Galaza, 291 F.3d 639, 641 &
8  n.1 (9th Cir. 2002) (quoting Rule 4); Hendricks v. Vasquez, 908
9  F.2d 490, 491 (9th Cir. 1990) (observing that summary dismissal is
10 appropriate where petition's allegations are vague, conclusory,
11 palpably incredible, patently frivolous or false) (citing
12 Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

## II.

### ALLEGATIONS OF THE PETITION

17 The Petition appears to challenge a 2013 Los Angeles County
18 conviction for possessing marijuana with the intent to sell in
19 violation of California Health and Safety Code § 11359.  (Petition
20 at 10, 64).  The Petition purports to raise thirteen grounds for
21 relief, some of which are further subdivided into sub-grounds for
22 relief and many of which overlap.  (Id. at 9-59).

24 Ground One alleges that Petitioner's sentence was wrongly
25 enhanced based upon an earlier conviction for a crime of violence.

27 Magistrate Judge may dismiss a complaint with leave to amend
28 without approval of the District Judge.  See McKeever v. Block,
932 F.2d 795, 798 (9th Cir. 1991).

2

1  (Id. at 9-11).  Ground One is divided into several sub-grounds

2  arguing that various witnesses who testified in support of the

3  earlier conviction conspired to introduce perjured testimony.  (Id.

4  at 9-23).

5

6     Ground Two appears to argue that the evidence was insufficient

7  to demonstrate that Petitioner intended to sell marijuana: he

8  claims that he stores marijuana in numerous baggies to ration it

9  for his own use, not because he intends to sell it to others.  (Id.

10  at 25-27).  Ground Two further argues that Petitioner was

11  unlawfully searched for marijuana by Los Angeles Metro Transit

12  Police officers.  Petitioner raises similar unlawful search claims

13  in Grounds Three, Four, Five, and Eight.  (Id. at 23-34, 39).

14

15     Ground Six appears intended to state a claim under the

16  Americans With Disabilities Act, but simply reiterates Petitioner's

17  contentions that: (1) he was unlawfully searched; (2) perjured

18  testimony was introduced to obtain his earlier conviction; and

19  (3) his marijuana was not packaged for sale to others.  (Id. at

20  34-38).  Ground Seven argues that, at the time of his arrest, he

21  had a "valid medical marijuana recommendation."  (Id. at 38-39).

22

23     Grounds Nine and Eleven argue that California's prisons are

24  overcrowded and that non-violent offenders should be released

25  before violent offenders.  (Id. at 42, 52-53).[2]  Grounds Ten and

26  Thirteen allege that Petitioner had no access to marijuana in

27  _____

28  [2] In the scanned version of the Petition available on the Court's
docket, the page describing Ground Nine is in the wrong place.

1    prison for medical use or for use in Petitioner's religious

2    rituals.  (<u>Id.</u> at 40-52, 56-59).  Ground Twelve alleges that

3    Petitioner lacked access to a phone in prison.  (<u>Id.</u> at 53-56).

4

5                                    **III.**

6                                **DISCUSSION**

7

8         Pursuant to 28 U.S.C. § 2254, the Court must dismiss the

9    Petition due to the defects discussed below.  However, the Court

10   grants Petitioner leave to amend.

11

12   **A.    The Petition Must Be Dismissed Because Petitioner Did Not Use**

13   **       The Appropriate Form**

14

15        Local Civil Rule 83-16.1 provides that "[a] petition for a

16   writ of habeas corpus . . . shall be submitted on the forms approved

17   and supplied by the Court."  Here, Petitioner did not use the form

18   issued by the Central District of California, and the Petition does

19   not include all of the information requested on the Central

20   District's standard form.  This Court adheres to the practice of

21   asking a petitioner who has not used the required form to submit

22   his petition on the local form.  <u>See</u> 28 U.S.C. foll. § 2254, Rule

23   2 advisory committee's note to 2004 amendments (acknowledging this

24   practice).  Accordingly, the Petition is dismissed with leave to

25   amend so that Petitioner may file a First Amended Petition using

26   the correct form.

27

28

                                       4

1    **B.    The Petition Must Be Dismissed Because It Fails To Comply With**
2          **Rule 8**

3

4          Rule 8(a) requires a complaint to contain "a short and plain
5    statement of the claim showing that the pleader is entitled to
6    relief." Fed. R. Civ. P. 8(a); see also Bell Atl. Corp. v. Twombly,
7    550 U.S. 544, 555 (2007) (Rule 8(a) requires only "'a short and
8    plain statement of the claim showing that the pleader is entitled
9    to relief,' in order to 'give the defendant fair notice of what
10   the . . . claim is and the grounds upon which it rests'") (quoting
11   Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12

13         A pleading can violate Rule 8 in "multiple ways." Knapp v.
14   Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013). "One well-known type
15   of violation is when a pleading says too little." Id. (citation
16   omitted). "The Rule is also violated, though, when a pleading says
17   too much." Id. (citing Cafasso, U.S. ex rel. v. Gen. Dynamics C4
18   Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011)).

19

20         Additionally, Rule 2(c) of the Rules Governing § 2254 Cases,
21   which demands an even "more detailed statement" than Federal Rule
22   of Civil Procedure 8(a), Mayle v. Felix, 545 U.S. 644, 649 (2005),
23   requires that a petition "specify all the grounds for relief
24   available to the petitioner" and "state the facts supporting each
25   ground."  Rule 2(c), 28 U.S.C. foll. § 2254.

26

27         While Rule 2(c) of the Rules Governing § 2254 Cases requires
28   a "more detailed statement," the instant Petition is needlessly

1  lengthy and repetitive.   It is over fifty-nine pages long,

2  excluding exhibits and, as noted above, there is extensive overlap

3  and duplication in Petitioner's claims.   A respondent would have

4  difficulty understanding and responding to the Petition as

5  currently drafted.   The Petition must be dismissed with leave to

6  file a First Amended Petition complying with the authorities

7  discussed above.

8

9  C.   **Several Of Petitioner's Claims Are Defective Or Are Not**

10  **Cognizable On Habeas Corpus Review**

11

12       The foregoing defects in the Petition are sufficient to

13  warrant dismissal.   However, in the interest of providing

14  Petitioner with a full opportunity to file a First Amended Petition

15  containing meritorious claims, the Court identifies several legal

16  deficiencies in his current claims that likely warrant modifying

17  or omitting these claims.

18

19       First, it is unclear whether Petitioner is currently "in

20  custody" pursuant to the challenged conviction.   A § 2254

21  petitioner must show that he is "in custody" pursuant to the

22  challenged state court judgment at the time his petition is filed.

23  28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

24  Although incarceration, parole and certain other restraints on a

25  person's liberty qualify as "custody" for purposes of section 2254,

26  a person does not remain "in custody" under a state court judgment

27  simply because that judgment may be used to enhance sentences for

28  later crimes.   See Maleng, 490 U.S. at 491-92; see also Lackawanna

1   Cty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001).  The instant

2   Petition appears to challenge a 2013 conviction for which

3   Petitioner "took a plea deal of (16) sixteen months at half time."

4   (Petition at 7, 9-10).  It therefore appears that Petitioner was

5   not imprisoned under that conviction when he filed the Petition on

6   July 20, 2016.  It is possible, however, that other restraints on

7   Petitioner's liberty place him "in custody" for the purpose of

8   challenging the 2013 conviction.  A First Amended Petition should

9   identify any such restraints.[3]

10

11      Relatedly, to the extent that Petitioner seeks to challenge

12  the use of a prior conviction to enhance the sentence on his 2013

13  conviction, that challenge is barred and should be omitted from

14  any First Amended Petition.  See Lackawanna Cty. Dist. Attorney,

15  532 U.S. at 403-04 ("[O]nce a state conviction is no longer open

16  to direct or collateral attack in its own right . . . the conviction

17  may be regarded as conclusively valid.  If that conviction is later

18  used to enhance a criminal sentence, the defendant generally may

19  not challenge the enhanced sentence through a petition under § 2254

20  on the ground that the prior conviction was unconstitutionally

21  obtained.").

22

23  ─────────────────

24  [3] Assuming that Petitioner is "in custody," a First Amended Petition should also name a proper respondent, i.e., the state officer

25  having custody of Petitioner, which might include his probation or parole officer and the official in charge of the parole or probation

26  agency, or the state correctional agency, as appropriate.  See Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez,

27  81 F.3d 891, 894 (9th Cir. 1996).  The current Respondent, "Los Angeles County Courts, Compton," does not appear to be an

28  appropriate respondent.

7

Next, several of Petitioner's claims appear to allege violations of Petitioner's Fourth Amendment protections against unlawful searches and seizures. (Petition at 23-34, 36-37, 39). However, Fourth Amendment violations are not cognizable on habeas review if the petitioner had "an opportunity for full and fair litigation of a Fourth Amendment claim." See Stone v. Powell, 428 U.S. 465, 494 (1976). The relevant inquiry is not whether Petitioner did in fact litigate his Fourth Amendment claims, or even whether his claims were correctly decided, but rather whether he had the opportunity to litigate such claims. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996). California provides criminal defendants with such an opportunity through the procedures of California Penal Code § 1538.5, which permits defendants to move to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment. See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990). Absent evidence that Petitioner lacked an opportunity for "full and fair" litigation of his Fourth Amendment claims, they cannot form the basis for federal habeas corpus relief and should be omitted from any First Amended Petition.

Several of Petitioner's claims challenge the conditions of his confinement. (See Petition at 40-56). However, the exclusive remedy for conditions-of-confinement claims is a suit under 42 U.S.C. § 1983, not a habeas corpus petition. See Nettles v. Grounds, __ F.3d __, 2016 WL 4072465 at *9 (9th Cir. July 26, 2016) (because success on petitioner's claims would not necessarily lead to immediate or earlier release, claims did not fall within "core of habeas corpus" and had to be brought under § 1983). Although a

1  habeas corpus petition may be construed as a § 1983 complaint,
2  Petitioner's informed consent to do so is required, and the
3  pleading must be amenable to conversion "on its face," i.e., it
4  must "name[] the correct defendants and seek the correct relief."
5  Id. at *10.  Moreover, the Court cannot construe a habeas corpus
6  petition as a § 1983 complaint if it contains claims that fall
7  within the "core of habeas corpus," i.e., claims that seek release
8  from custody.  See id. at *3 (Ninth Circuit has "long held" that
9  habeas corpus is the "exclusive vehicle" for claims brought by
10  state prisoners that fall within the core of habeas corpus, and
11  such claims may not be brought in a § 1983 action).[4]  If Petitioner
12  files a First Amended Petition seeking his release from custody,
13  it should not also include § 1983 claims that, if meritorious,
14  would not lead to release from custody.

15

16      Finally, Petitioner cites and discusses California law
17  throughout his Petition.  However, a federal court conducting
18  habeas review is limited to deciding whether a state court decision
19  violates the Constitution, laws or treaties of the United States.
20  28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011)
21  (per curiam).  Federal habeas corpus relief "does not lie for
22  errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990);
23  see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam)
24  ("[I]t is only noncompliance with federal law that renders a

25

26  [4] Moreover, to the extent that Petitioner seeks injunctive relief
    for his conditions-of-confinement claims, Petitioner's release
27  from incarceration likely "extinguishes his legal interest in an
    injunction." McQuillion v. Schwarzenegger, 369 F.3d 1091, 1095-96
28  (9th Cir. 2004).

9

State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)). Petitioner also "may not transform a state-law issue into a federal one merely by asserting a violation of due process." <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997). Accordingly, the First Amended Petition should omit claims based solely on errors of state law.

**IV.**

**CONCLUSION**

If Petitioner wishes to pursue this action, he must file a First Amended Petition within thirty (30) days from the date of this Order. Petitioner must use the form approved by the Central District of California, **a copy of which is attached**. The First Amended Petition shall be complete in itself and shall bear both the designation "First Amended Petition" and the case number assigned to this action. It shall not refer in any manner to the original Petition.

Petitioner is advised to clearly identify, to the best of his ability, the dates he filed any appeals as well as the dates of any rulings on those appeals. Similarly, Petitioner is advised to clearly identify the dates he filed any state habeas petitions as well as the dates of any rulings on those petitions. Petitioner shall also, to the extent possible, list the claims raised in each of his direct appeals and habeas petitions filed in state court. Finally, in presenting his claims in his First Amended Petition, Petitioner should assert each of his grounds for federal habeas

relief as a separate "claim" by (1) identifying the constitutional right that he alleges was violated, followed by (2) a statement of all facts that support that particular claim.  The First Amended Petition should avoid grouping allegations of purported violations of different constitutional rights committed by different actors based on different facts in the same "claim."

**Petitioner is further cautioned that failure to timely file a First Amended Petition will result in a recommendation that this action be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

**If Petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntarily dismiss this action without prejudice.  Petitioner is advised that any dismissed claims may later be subject to the one-year limitations period under 28 U.S.C. § 2244(d)(1), as amended by AEDPA.**

IT IS SO ORDERED.

DATED:  August 24, 2016

                                        /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE